UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AHMAD JOUDALLAH,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-8753-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner was admitted to the United States on January 29, 2013, on a student visa that expired on July 14, 2017. Petitioner filed a petition to extend that status and did not depart the United States. ICE detained him on September 9, 2026. Petitioner, proceeding in pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be granted and petitioner be immediately released.

**Background**

On January 29, 2013, immigration authorities admitted petitioner to the United States with a student visa valid until July 14, 2017. ECF No. 6 at 17. Petitioner filed a petition to extend or change his nonimmigrant status on June 19, 2017.[1] ECF No. 1 at 71. Petitioner stayed in the

[1] The current status of this petition is unclear: the ICE Form I-213 states that petitioner has no pending immigration petitions or applications, ECF No. 6 at 18, a boilerplate statement that I have found to be erroneous in other cases. *See Romero v. Warden, Mesa Verde Det. Facility*, No. 1:26-cv-8579-DAD-JDP, 2026 WL 3408433, at *1 n.2 (E.D. Cal. Nov. 10, 2026); *Gabriel v.*

United States after his initial visa expired. ECF No. 6 at 17.

Petitioner came to the United States to attend an aeronautical school and graduated. ECF No. 1 at 13. Petitioner then started a cybersecurity company. He registered it first as a limited liability company ("LLC") in Wyoming in November 2025, *id.* at 35, 53, and then registered it in California in April 2026 as an out-of-state LLC, *id.* at 33. Petitioner obtained a federal tax ID number for the company in November 2025. *Id.* at 28. Petitioner indicates that the company serves universities and private companies and currently has a sponsorship from Microsoft. *Id.* at 13. Petitioner attaches two letters of support verifying his ties to the community. *Id.* at 73, 75.

On September 9, 2026, ICE arrested petitioner at his California apartment and detained him without setting a bond amount. ECF No. 6 at 17, 22. Petitioner asked that an immigration judge review ICE's custody determination. *Id.* at 22. On September 22, 2026, an immigration judge held a bond hearing and denied bond. *Id.* at 26. The immigration judge put the burden of proof on petitioner and found that petitioner had proven that he was not a danger, but that petitioner had not proven that he was not a flight risk because he failed to produce documents to corroborate his employment and ties to the community.[2] *Id.* at 26-27. Based on this, the immigration judge could not "conclude that he is sufficiently incentivized to appear for all future hearings." *Id.* at 27. The immigration judge ruled that the "bond amount set by DHS shall remain unchanged." *Id.*

Petitioner's rap sheet shows only one prior encounter with law enforcement in Florida in April 2014 related to driving without a license.[3] *Id.* at 33. Although the ICE Form I-213 states

---

*Mullin*, No. 1:26-cv-7910-TLN-JDP, 2026 WL 3334224 at *1 n.1 (E.D. Cal. Nov. 4, 2026).

[2] Specifically, the immigration judge noted that petitioner testified that his company "is initially registered in Wyoming and then in California," but "failed to submit any reliable documentary evidence to verify this claim or to substantiate his lawful maintenance of a business entity." ECF No. 6 at 27. DHS claimed that their search of the "California Secretary of State registry yielded no record of the LLC described by [petitioner]." *Id.* at 26-27. Petitioner has submitted the verification to this court. ECF No. 1 at 33, 35, 53. The judge also noted petitioner's lack of "support letters from friends or family members." ECF No. 6 at 27.

The California Secretary of State website shows petitioner's company, Aicodestation, LLC, as an active business.

[3] The rap sheet entry, from a local sheriff's office, states "contempt of court – FTA driving [without driver's license]." *Id.* at 33.

that the court "has not rendered a disposition" of this charge, *id.* at 17, petitioner attaches evidence that a charge of driving without a license was dismissed on May 23, 2014.[4] ECF No. 1 at 66. Petitioner's documents also indicate that a driver's license suspension had been issued in error and was rescinded by the Florida court. *See id.* at 65, 69.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his detention by ICE violates due process.[5] ECF No. 1 at 32. Respondent argues that because petitioner is being detained under 8 U.S.C. § 1226(a), he has already received the bond hearing in immigration court to which he is entitled.[6] ECF No. 6 at 6. Respondent further argues that petitioner's failure to appeal his bond denial to the Board of

---

[4] As noted *supra*, courts have previously found Forms I-213 to be in error. *See Palmer v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-6738-DC-SCR, 2026 WL 3120964, at *2 n.2 (E.D. Cal. Oct. 19, 2026) (noting "significant error" in the Form I-213); *Oliviera Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *2 n.3 (E.D. Cal. Oct. 1, 2026) (noting "troubling" error in the Form I-213).

[5] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

[6] Respondent captioned its answer as a motion to dismiss. ECF No. 6. As petitioner is representing himself while in custody, I do not construe petitioner's failure to file an opposition as a non-opposition to respondent's motion. *See* Local Rule 230(c).

Immigration Appeals ("BIA") means that the matter should be dismissed for his failure to exhaust administrative remedies. *Id.* at 3-5.

The court has previously held that noncitizens admitted to the United States pursuant to a visa but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining them without adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *5-7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-5349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-5774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same); *Duran A.H. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-7074-TLN-SCR, 2026 WL 2731293 (E.D. Cal. Sept. 16, 2026); *G.C. v. Andrews*, No. 1:26-cv-0874-TLN-SCR, 2026 WL 2334141, at *1 (E.D. Cal. Aug. 12, 2026); *G.E. v. Warden of California City Corr. Ctr.*, No. 1:26-cv4311-TLN-JDP, 2026 WL 1733703, at *3 (E.D. Cal. June 16, 2026); *Kalkan v. Chestnut*, No. 1:26-cv-2026-DAD-EFB, 2026 WL 788112 (E.D. Cal Mar. 20, 2026); *Torrealba Carrasquel v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-6867-DAD-JDP, 2026 WL 2621102 (E.D. Cal. Sept. 4, 2026).

For the reasons set forth in those cases, I find that petitioner developed a vested liberty interest in remaining free from detention during the over thirteen years since he entered the United States on a student visa. That liberty interest "could not be revoked absent notice and a pre-deprivation hearing before a neutral arbiter." *Olivera Tinoco*, 2026 WL 2949219, at *4. Petitioner was not provided constitutionally compliant pre-deprivation process when ICE detained him. *See Martinez v. Clark*, 124 F.4th 775, 780 (9th Cir. 2024) (procedural due process

requires the government to bear the burden to prove by clear and convincing evidence that petitioner is a danger or a flight risk); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 n.9 (E.D. Cal. 2022) (collecting cases). Further, petitioner was not provided an immigration court bond hearing in which the burden of proof was placed on the government. *See* ECF No. 6 at 25-26. The immigration judge found that petitioner failed to prove he was not a flight risk because he failed to provide documentation to support his employment and community ties.[7] *See id.*

As petitioner's detention without a pre-deprivation hearing violated his due process rights, the court must determine the appropriate remedy. Petitioner requests immediate release. ECF No. 1 at 25. Respondent does not discuss the matter of relief. ECF No. 6.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id.* at 128 (cleaned up).

Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other*

---

[7] Accordingly, there is no requirement that petitioner appeal the bond hearing to the BIA, as the BIA will not be able to consider the due process challenge. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up); *see also Matter of Fede*, 20 I. & N. Dec. 35 (BIA 1989) (explaining why neither an immigration judge nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer).

*grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025). Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. ICE went to petitioner's apartment to arrest him, indicating that it had the opportunity to provide him with a pre-deprivation hearing, as there was no urgency or circumstances requiring a quick arrest. *See* ECF No. 6 at 17. Respondent has not provided any evidence or argument suggesting that petitioner is a danger to the community or a flight risk. *See* ECF No. 6. The only cited criminal history, a law enforcement encounter relating to driving without a license, was dismissed on May 23, 2014, ECF No. 1 at 66, an allegation that petitioner could have addressed had he been given a pre-deprivation hearing. There is no evidence, nor has respondent presented any argument, suggesting that there was "the necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128.

Moreover, respondent "cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from violating [p]etitioner's due process rights." *See Pineda v. Chestnut*, No. 1:25-cv-1970-DC-JDP, 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)). Under these circumstances, I find that the "typical remedy" of release is appropriate. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent's motion to dismiss, ECF No. 6, be DENIED;

3. Respondent be ordered to immediately release petitioner (A-Number: 240-465-049) from its custody. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a

constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

4. The Clerk of Court be ordered to serve Mesa Verde Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE